IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 2003 MAY 21  A 10: 35 |
| v. | : | CRIMINAL NO. WDQ-01-0154 |
| BERTHA PAEZ a/k/a The Lady | : | FILED |

...oOo...

MAR 1 6 2006

MR. CLERK:

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Please issue a Bench Warrant for the arrest of the above-named defendant, who is charged by Superseding Indictment with violation of Title 18, United States Code, Sections 1956, 1957 and 2, and who may presently be residing in Columbia, South America.

_____
Thomas M. DiBiagio
United States Attorney

By: _____
Jane M. Erisman
Assistant United States Attorney

ORDER

It is this _20_ day of _May_, 2003, hereby

ORDERED, that a Bench Warrant be issued for the arrest of the above-named defendant as prayed.

_____
Magistrate Judge
U.S. District Court for the
District of Maryland



RCK:USAO 2000R00335:paez super-indictment

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

FILED ____ ENTERED
LODGED ____ RECEIVED

MAR 1 4 2003

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. S-01-0154 |
| : | (Money laundering conspiracy, |
| BERTHA PAEZ, also known as : | 18 U.S.C. §1956(h); |
| "The Lady;" and : | Money laundering, |
| LUIS ANTONIO MONTES-HERRERA, : | 18 U.S.C. §1957; Criminal |
| also known as "Lucho," : | forfeitures, 18 U.S.C. § 982; |
| Defendants. : | Aiding and abetting, 18 |
| : | U.S.C. §2) |

...oOo...

SUPERSEDING INDICTMENT

COUNT ONE
(MONEY LAUNDERING CONSPIRACY)

The Grand Jury for the District of Maryland charges that:

A. From a date unknown, but at least by December 17, 1997, and continuously thereafter to the date of the return of this indictment, in the State and District of Maryland, and elsewhere,

BERTHA PAEZ, also known as "The Lady;"
and LUIS ANTONIO MONTES-HERRERA,
also known as "Lucho,"

did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with each other, and with others known and unknown to the Grand Jury, to knowingly, intentionally, and unlawfully engage, attempt to engage, and cause others to engage in monetary transactions, in and affecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000, and was derived from specified unlawful activity, in violation of 18 U.S.C. §1957.

## WAYS, MANNER AND MEANS OF THE CONSPIRACY

B. Because the sale of Colombian cocaine and heroin in the United States and elsewhere generates cash in amounts so large that they are difficult to move in bulk, the purpose of the conspiracy was to move these cash drug proceeds, from the United States and elsewhere to Colombia and elsewhere, through financial transactions. The means by which this purpose was carried out included the following:

1. It was a part of the conspiracy that the defendants and their co-conspirators would and did play different roles, and take upon themselves different tasks involving the laundering of monetary instruments; that is, at various times, the members of the conspiracy played various roles in causing the pickup, deposit, transfer, receipt, and disposition of cash drug proceeds.

2. Members of the conspiracy communicated with Colombian drug traffickers who accumulated and stored cash proceeds derived from cocaine and heroin sales in various locations in the United States and elsewhere.

3. Members of the conspiracy communicated in person, by fax, and by telephone with agents and associates of a U.S. Customs Service undercover business known as Global International, Inc., which was established by the U.S. Customs Service in Baltimore, Maryland, in order to investigate the conspirators' activities.

One such agent and associate of Global International was a cooperating individual who is identified herein as "Hoover."

4. Through these communications, members of the conspiracy gave instructions to initiate the collection of the accumulated and stored cash drug proceeds in various locations, including but not limited to Puerto Rico, New York, and New Jersey.

5. Through these communications, members of the conspiracy caused the collected cash drug proceeds to be deposited into various financial institutions, thereby converting the currency into electronic funds held in a bank account controlled by the U.S. Customs Service undercover business in Maryland.

6. Through these communications, members of the conspiracy directed electronic funds transfers totaling approximately $13,478,792 that affected interstate and foreign commerce by moving the electronic funds from the U.S. Customs Service undercover business account in Maryland to other accounts in financial institutions in the United States and abroad.

18 U.S.C. §1956(h)

COUNTS TWO THROUGH TWENTY-ONE
(MONEY LAUNDERING)

The Grand Jury for the District of Maryland further charges that:

On or about the dates set forth below, in the State and District of Maryland and elsewhere,

> BERTHA PAEZ, also known as "The Lady;"
> and LUIS ANTONIO MONTES-HERRERA,
> also known as "Lucho,"

did knowingly, intentionally, and unlawfully engage and attempt to engage in a monetary transaction, in and affecting interstate and foreign commerce, in criminally derived property that had a value greater than $10,000 and was derived from specified unlawful activity, that is: cocaine and heroin trafficking in violation of Title 21 United States Code Section 841, in that the defendants directed electronic fund transfers from Maryland to the following banks, on the following dates, in the following amounts:

| COUNT | FUNDS TRANSFERRED TO: | DATE | AMOUNT OF TRANSFER |
|---|---|---|---|
| 2 | Banco Bilbao Vizcaya, New York, New York: for further credit to Banco Bilbao Vizcaya, Grand Cayman Island. | June 22, 1998 | $229,250 |
| 3 | Banco Cafetero Int'l, Miami, Florida. | June 23, 1998 | $27,000 |
| 4 | Banco Popular Ecuador, Miami, Florida. | June 23, 1998 | $70,000 |

4

| COUNT | FUNDS TRANSFERRED TO: | DATE | AMOUNT OF TRANSFER |
|---|---|---|---|
| 5 | Banco Cafetero Int'l, Miami, Florida. | June 29, 1998 | $36,000 |
| 6 | Banco Bilbao Vizcaya, New York, New York: for further credit to Banco Bilbao Vizcaya, Grand Cayman Island. | June 29, 1998 | $96,250 |
| 7 | Barnett Bank, Miami, Florida: Account of Jose Paez. | August 10, 1998 | $42,500 |
| 8 | Banco Bilbao Vizcaya, New York, New York: for further credit to Banco Bilbao Vizcaya, Grand Cayman Island. | August 10, 1998 | $200,000 |
| 9 | Bank of Boston, Boston, Massachusetts for further credit to Bank of Boston Trust, Nassau, Bahamas. | August 10, 1998 | $35,000 |
| 10 | Union Bank of Switzerland, Liestal, Switzerland. | December 7, 1998 | $20,000 |
| 11 | Banco Bilbao Vizcaya, New York, New York: for further credit to Banco Bilbao Vizcaya, Grand Cayman Island. | December 7, 1998 | $135,000 |
| 12 | Helm Bank, Miami, Florida. | February 9, 1999 | $88,000 |
| 13 | Banco Bilbao Vizcaya, Miami, Florida. | February 9, 1998 | $40,000 |
| 14 | Banco Bilbao Vizcaya, New York, New York: for further credit to Banco Bilbao Vizcaya, Grand Cayman Island. | February 9, 1999 | $166,983 |

5

| COUNT | FUNDS TRANSFERRED TO: | DATE | AMOUNT OF TRANSFER |
|---|---|---|---|
| 15 | Banco Bilbao Vizcaya, New York, New York: for further credit to Banco Bilbao Vizcaya, Grand Cayman Island. | February 9, 1999 | $45,517 |
| 16 | Banco Bilbao Vizcaya, New York, New York: for further credit to Banco Bilbao Vizcaya, Grand Cayman Island. | February 9, 1999 | $67,000 |
| 17 | Banco Bilbao Vizcaya, New York, New York: for further credit to Banco Bilbao Vizcaya, Grand Cayman Island. | February 9, 1999 | $50,000 |
| 18 | Banco Popular Ecuador, Miami, Florida: for further credit to Bank Andino Nassau, Nassau, Bahamas. | April 28, 1999 | $200,000 |
| 19 | Banco Popular Ecuador, Miami, Florida: for further credit to Bank Andino Nassau, Nassau, Bahamas. | April 28, 1999 | $147,193 |
| 20 | Helm Bank, Miami, Florida. | April 28, 1999 | $64,000 |
| 21 | Bank of Udine Italy, Udine, Italy. | April 28, 1999 | $19,602 |

18 U.S.C. §§1957(a)
18 U.S.C. §2

6

## FORFEITURE

As a result of the offenses set forth in Counts One through Twenty-One, the defendants,

> BERTHA PAEZ, also known as "The Lady;"
> and LUIS ANTONIO MONTES-HERRERA,
> also known as "Lucho,"

shall forfeit to the United States all property involved in the those offenses, and all property traceable to such property, including but not limited to $13,478,792 and all interest and proceeds traceable thereto.

## SUBSTITUTE ASSETS

If any of the $13,478,792 described in this indictment as being subject to forfeiture, as a result of any act or omission of the defendants

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code Section 982(b) to seek forfeiture of any other property

7

of the defendants up to the value of the property charged with forfeiture, $13,478,792.

18 U.S.C. §982

*Thomas M. DiBiagio /lck*
Thomas M. DiBiagio
United States Attorney

A TRUE BILL:

*Sameer Lalwar*
Foreperson

Date: 03/13/03

8

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - U.S. DISTRICT COURT**

_____ ENTERED _____ LODGED _____ RECEIVED

By: ___ Complaint  ___ Information  _x_ Indictment   Name of District Court, (City)
                         Superseding                  Baltimore, Maryland
                                                      Northern Division

MAR 1 4 2005

| Offense Charged | | Defendant - U.S. vs. | CLERK U.S DISTRICT COURT DISTRICT OF MARYLAND DEPUTY |
|---|---|---|---|
| Conspiracy to launder money, money laundering, criminal forfeiture, aiding and abetting | ___ Petty<br>___ Misdemeanor<br>_x_ Felony | Bertha Paez a/k/a "The Lady" | |

Address: Colombia

Birth date: * Adult    Male/Female F    Alien (Y/N): ___

* (Optional unless a juvenile)

| Place of offense | U.S.C. Citation |
|---|---|
| Baltimore City | 18 U.S.C. § 1956(h) 1957, 982 & 2 |

**Proceeding**

Name of Complainant Agency, Person (& Title, if any) & Phone#

U.S. Customs

☐ Person is awaiting trial in another Federal or State Court, give name of court:

☐ This person/proceeding is transferred from another district per:

FRCrP 20 ☐  21 ☐  40 ☐  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Attorney  ☐ Defense   Show Docket # S-01-0154

_x_ this prosecution relates to a pending case involving this same defendant

_x_ prior proceeding or appearances before U.S. Magistrate Judge regarding this defendant were recorded under ▶  Magistrate # 00-167-DEK

Name & Office of Person furnishing information on this form   Thomas M. DiBiagio U.S. Attorney

/s/ RCK

Name of Asst. U.S. Att'y   Richard C. Kay

Phone Number:   410-209-4850

Additional Information or comments:

| Maximum Penalty: | 10 years/$26 million fine |
|---|---|
| Date of offense: | 12/17/97 - Present |
| Length of Trial: | 10 days |

HIDTA CASE:  ___ Yes  _X_ No

**Defendant**

IS NOT IN CUSTODY

1) _x_ Has not been arrested, pending outcome of this proceeding. If not detained give date any prior summons was served on above charges. ▶

2) ___ Is a fugitive

3) ___ Is on bail or release from (show District)

IS IN CUSTODY

4) ___ On this charge

5) ___ On another conviction     Federal ___ State ___

6) ___ Awaiting trial on other charges

If the answer to (6) is "Yes", show name of institution ___

Has detainer been filed? Y/N ___    Date filed ___

Date of Federal arrest ▶ ___      OR

Date Transferred to Federal Custody ▶ ___

☐ Check if plea is expected.

☐ This report amends AO 257 previously submitted

FOR USE OF THE CLERK'S OFFICE

OCDETF CASE: ___ Yes  _X_ No